**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

ENRIQUE VIDAL-GOMEZ,

Petitioner,

v.

Case No. 2:26-cv-02039-MSN-cgc
Case No. 2:26-cv-02840-MSN-tmp

CHRISTOPHER BULLOCK,

Respondent.

---

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

---

Petitioner, an alien detained at the West Tennessee Detention Facility in Mason, Tennessee, filed, through counsel, a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") in Case No. 2:26-cv-02840-MSN-tmp. (ECF No. 1.) The Court is now aware that before filing the Petition in that case, Petitioner filed a *pro se* petition seeking identical relief in Case No. 2:26-cv-02039-MSM-cgc. Unbeknownst to the Court, and apparently the parties, the two cases progressed independently of each other. Both matters have been fully briefed. Petitioner seeks the same relief, and Respondent makes the same arguments in opposition. Because these two cases involve common questions of law and fact, the Court consolidates the two actions pursuant to Federal Rule of Civil Procedure 42(a). For the reasons that follow, the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE**.

In his counseled Petition, filed on July 12, 2026, Petitioner claims that he is being held as an "arriving alien" and thus subject to mandatory detention under 8 U.S.C. § 1225(b), despite having lived in this country since February 2021. (ECF No. 1 at PageID 1.) The Court ordered

Respondent to show cause why the Petition should not be granted and to specifically address whether Petitioner was entitled to relief based on the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), which held that some aliens who are present in the United States without being admitted or paroled are properly detained under 8 U.S.C. § 1226(a) and thus entitled to a bond hearing.

In his response, Respondent concedes that Petitioner is entitled to a bond hearing under *Lopez-Campos* but indicates that Petitioner was granted a bond hearing before an immigration Judge ("IJ") on July 20, 2026. (ECF No. 8 at PageID 17.) The IJ denied Petitioner's request for bond, finding that he "failed to meet [his] burden as to danger due to the Laken Riley Act." (ECF No. 8-3 at PageID 28.) Respondent further indicates that Petitioner never filed an appeal of that decision with the Board of Immigration Appeals ("BIA"). (ECF No. 8 at PageID 17.) Because Petitioner failed to exhaust his administrative remedies by not appealing the IJ's decision to the BIA, Respondent now argues that the Court should deny his Petition for habeas relief as premature. (ECF No. 8 at PageID 18.)

Petitioner replies that the IJ's decision was based on a previously dismissed criminal charge and "an erroneous invocation of the Laken Riley Act . . . ." (ECF No. 10 at PageID 32.) He seeks immediate release, or alternatively, a new bond hearing with an order directing the IJ "to apply the correct legal standard and to exclude reliance on the dismissed charge . . . ." (ECF No. 10 at PageID 33.)

After review, the Court finds that Petitioner is not entitled to relief because he has failed to exhaust his administrative remedies. Before seeking judicial review, parties may first be required to exhaust their administrative remedies, i.e., pursue "all possible relief within the agency itself." *Howell v. I.N.S.*, 72 F.3d 288, 291 (2d Cir. 1995). Sometimes Congress mandates administrative

exhaustion by including it in a statute governing judicial review. *Perkovic v. I.N.S.*, 33 F.3d 615, 619 (6th Cir. 1994). But "in most contexts, exhaustion of administrative remedies is a prudential, court-created doctrine." *Id.* (citation modified). That is the case here.

Although exhaustion is prudential in this case, the question of whether the IJ applied the correct legal standard should first be reviewed by the BIA. Indeed, requiring Petitioner to exhaust his administrative remedies will "protect[] 'administrative agency authority,'" and "promote[] efficiency." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). It will also further develop the record for the Court's consideration if Petitioner wishes to pursue judicial relief thereafter. *See id.* Petitioner wants to "sidestep the BIA appeals process in favor of habeas review," but his attempt to do so only "highlights the need for an exhaustion requirement here to protect agency authority, limit interference with agency affairs, and promote judicial efficiency." *Bartolon v. Bondi*, 813 F. Supp. 3d 811, 825 (S.D. Ohio 2025) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 56 (2d Cir. 2003)).

Accordingly, the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 9th day of October, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE